IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>PAUL K. WOOD, II, <em>et al.</em>,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiffs,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-12-1572</td></tr>
<tr><td>JOHNSON & JOHNSON, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td></td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Paul and Suzanne Wood ("the Woods") sued Johnson & Johnson, DePuy Orthopaedics, Inc. (collectively, "the defendants"), and Chesapeake Surgical, Ltd. for negligence and other claims. For the following reasons, the defendants' motion to stay pending a decision by the Judiciary Panel on Multidistrict Litigation ("JPML") will be granted.

I.  Background

On March 31, 2009, Paul Wood, a Maryland citizen, received a left hip replacement. ECF No. 2 ¶¶2, 51. An ASR™ XL Acetabular Hip Replacement System and an ASR™ Hip Resurfacing System (collectively, an "ASR Hip") were implanted in his left side. *Id.* ¶ 51. DePuy, an Indiana corporation with its principal place of business ("PPB") in Indiana, manufactures the ASR Hip. *Id.* ¶3. Johnson & Johnson, a New Jersey corporation with its PPB in New Jersey, is DePuy's parent company. *Id.* ¶4.

Chesapeake Surgical, a Maryland corporation with its PPB in
Maryland, distributed the ASR Hip.  *Id.* ¶5.

On July 17, 2010, the FDA recalled the ASR Hip because it
had failed in many recipients.  *Id.* ¶47.  In August, 2010, DePuy
recalled the ASR Hip worldwide.  *Id.* ¶50.  In late November,
2010, Paul Wood's ASR Hip was surgically removed after he
experienced pain walking, and his doctor noticed elevated metal
counts in his blood.  *Id.* ¶¶56-58.

On December 3, 2010, the JPML established Multi-District
Litigation (MDL) No. 2197, *In re DePuy Orthopaedics, Inc. ASR*™
*Hip Implant Products Liability Litigation* ("MDL 2197") to be
heard before the Honorable David A. Katz, United States District
Judge for the Northern District of Ohio.  753 F. Supp. 2d 1378
(J.P.M.L. 2010).  The MDL includes over 4,400 actions.  ECF No.
1 ¶1.

On March 22, 2012, in the Circuit Court for Baltimore City,
the Woods sued the defendants and Chesapeake, seeking $60
million in compensatory and punitive damages for injuries
"suffered . . . as a direct and proximate result of Defendants'
wrongful conduct in connection with the development, design,
testing, manufacture, distribution, and sale of the DePuy ASR™
XL Acetabular Hip Replacement System and ASR™ Hip Resurfacing

System."   ECF No. 2 ¶1.[1]   Johnson & Johnson was served on April 27, 2012; DePuy was served on May 3, 2012.   ECF No. 1 ¶4.

On May 25, 2012, the defendants removed the suit to this Court based on diversity jurisdiction.   ECF No. 2.   They argued that Chesapeake did not need to join, and its Maryland citizenship did not destroy diversity,[2] because it had been fraudulently joined to the lawsuit.   *Id.* ¶¶6, 15.   That day, the defendants moved to stay the case while the JPML considered the defendants' motion to transfer the action to MDL No. 2197.   ECF No. 8.   The Woods opposed the motion, ECF No. 11, and the defendants replied to the opposition, ECF No. 32.

On May 30, 2012, the JPML issued a conditional transfer order pursuant to J.P.M.L. R. 7.1(b), giving the Woods one week to oppose transfer to the MDL.   ECF No. 11 at 2.   The Woods opposed the transfer.   *Id.*   Transfer remains conditional.   *Id.* On June 1, 2012, the Woods moved to remand the action to the Circuit Court for Baltimore City because the parties are not diverse.   ECF No. 12.

---

[1] The complaint alleges negligence, strict liability for failure to warn, strict liability for a defective design, breach of express and implied warranties, fraudulent misrepresentation, fraudulent concealment, violation of the Maryland Consumer Protection Act, and loss of consortium.   ECF No. 2 ¶¶62-139.

[2] The Woods are Maryland citizens.   ECF No. 2 ¶2.

## II.   Analysis

### A.   Legal Standard

The "power to stay proceedings is incidental to the power inherent in every court to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).[3]  The Court considers: (1) whether judicial resources will be saved and duplicative litigation avoided if the case is consolidated in an MDL; (2) prejudice to the party opposing the stay; and (3) the moving party's hardship and inequity if the action is not stayed.  *Yearwood v. Johnson & Johnson, Inc.*, No. 12-1374-RDB, 2012 WL 2520865, *3 (D. Md. June 27, 2012).  A conditional transfer order before the JPML does not affect the Court's ability to rule in a case.  J.P.M.L. R. 2.1(d).

### B.   The Motion to Stay

Wood contends that the Court must determine whether it has subject matter jurisdiction--and thus whether to remand the action--before deciding the motion to stay.  ECF No. 11 at 6-10. The defendants counter that the Court need not determine its

---

[3] *See also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (noting the "inherent power in courts under their general equity powers and in the efficient management of their dockets to grant relief"); *Balt. Gas & Elec. Co. v. United States*, 133 F. Supp. 2d 721, 730 (D. Md. 2001) ("[U]ndoubtedly, a court possesses inherent power to issue a stay.").

4

subject matter jurisdiction before deciding procedural questions
such as whether to stay the case.  ECF No. 32 at 6.

A "federal court generally may not rule on the merits of a
case without first determining that it has . . . subject-matter
jurisdiction." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l
Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (internal citation
omitted).  However, the court "has leeway to choose among
threshold grounds for denying audience to a case on the merits."
*Id.* at 431 (internal quotation marks and citation omitted).[4]
"Jurisdiction is vital only if the court proposes to issue a
judgment on the merits."  *Id.* (*quoting Intec USA, LLC v. Engle*,
467 F.3d 1038, 1041 (7th Cir. 2006)).  This Court may decide the
motion to stay--a procedural issue--despite jurisdictional

---

[4] The Supreme Court continued:

> Thus, a district court declining to adjudicate state-
> law claims on discretionary grounds need not first
> determine whether those claims fall within its pendent
> jurisdiction. See *Moor v. County of Alameda*, 411 U.S.
> 693, 715-16 (1973). Nor must a federal court decide
> whether the parties present an Article III case or
> controversy before abstaining under *Younger v. Harris*,
> 401 U.S. 37 (1971). *See Ellis v. Dyson*, 421 U.S. 426,
> 433-34 (1975). A dismissal under *Totten v. United
> States*, 92 U.S. 105 (1876) (prohibiting suits against
> the Government based on covert espionage agreements),
> we recently observed, also "represents the sort of
> 'threshold question' that may be resolved before
> addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 7
> n.4 (2005).

*Sinochem*, 549 U.S. 422, 431 (2007).

objections, *see In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990),[5] and the MDL court may hear and decide motions to remand filed in the transferor court, *In re Vioxx Prods. Liability Litigation*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

The court in MDL 2197 will likely consider other, similar, motions to remand for lack of subject matter jurisdiction: "[m]any of the *DePuy* cases filed in state courts nationwide that were subsequently removed to federal courts likely involve non-diverse, independent distributors of DePuy ASR Hips and will, therefore, raise the jurisdictional issue of fraudulent joinder."[6] Despite the applicability of different state laws, there will be common issues involved with the remand motions;

---

[5] Holding that the MDL panel had the power to transfer a suit against manufacturers of Agent Orange despite challenges to subject matter jurisdiction and potentially improper removal from state court. *Ivy*, 901 F.2d at 9. "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." *Id.; see also Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511 (D. Md. 2002) (same).

[6] *Garris v. DePuy Orthopaedics, Inc.*, No. 11-0042, slip op. at 8 (E.D. Va. Apr. 6, 2011) (ECF No. 32-4 at 19-27); *see also, e.g., MacGregor v. DePuy Orthopaedics, Inc.*, No. 12-1842-JFM, letter order (D. Md. July 25, 2012); ECF No. 32-4 at 1-2 (*Butler v. DePuy Orthopaedics, Inc.*, No. 10-4637, slip op. (E.D. La. Jan. 31, 2011)); ECF No. 32-4 at 15-18 (*LeMarr v. DePuy Orthopaedics, Inc.*, No. 11-0445, slip op. (D. Ariz. Mar. 28, 2011)).

judicial resources will be saved by staying the case pending

transfer to the MDL.[7]

The Woods will not be prejudiced, because "regardless of

the outcome of the MDL panel's decision regarding the transfer

of this case, [their] motion to remand will be resolved." *Dixon*

---

[7] *Dixon v. Mark Starring & Assocs., Inc.*, No. 11-2372, 2011 WL
5079393, *2 (E.D. La. Oct. 19, 2011).

> Importantly, the issue of whether non-diverse
> hospitals and distributors are properly joined
> defendants in ASR hip systems products liability suits
> is likely to be common to other transferred cases.
> *See, e.g., Washington v. Bayer*, 2002 WL 1009472, *1
> (E.D.La. May 16, 2002) (finding that although
> plaintiffs' motion to remand required a determination
> of whether plaintiffs could recover against non-
> diverse defendants under Louisiana law, the issues
> involved with the remand were likely to be common to
> other transferred cases). Once transferred, these
> jurisdictional challenges can be heard and resolved by
> a single court.

Although many district courts have taken this position, *see* ECF
No. 32 at 3-5 (citing 35 examples), others have concluded that
motions for remand like this one "depend[] distinctly upon an
interpretation of [state] law," and the district court sitting
in the state "is generally better equipped to address questions
of [that state's] law than a court in Ohio." *Malkmus v. DePuy
Orthopaedics, Inc.*, No. 11-0365, 2011 WL 2436172, *2 (E.D. Wis.
June 13, 2011). Courts in this district have regularly declined
to decide motions to remand before transfer to an MDL Panel.
*See, e.g., Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511
(D. Md. 2002) ("Allowing the transferee judge to rule on the
motion to remand provides for consistent treatment of similar
issues and may reduce the burden on litigants and the
judiciary," even when the motion to remand involves questions of
state law); *MacGregor*, No. 12-1842, *supra; Yearwood*, 2012 WL
2520865, *3; *Billings v. Chesapeake Surgical, Ltd.*, No. 12-0879-
PJM, order (D. Md. May 14, 2012). The Court will follow the
rule which Judges in this district and many others have regular-
ly followed.

*v. Mark Starring & Assocs., Inc.*, No. 11-2372, 2011 WL 5079393, *2 (E.D. La. Oct. 19, 2011).  Further, substantial delay is unlikely, because the case has been conditionally transferred, and a decision will be made about the transfer shortly.  *See Yearwood*, 2012 WL 2520865, *3 (discussing efficiency of MDL courts handling motions to remand).[8]

Finally, the chance of a short delay for the plaintiffs is "outweighed by the possible prejudice faced by the Defendants" because "it would potentially subject [the] Defendants to the significant burden of duplicative litigation."  *Id.* (internal quotation marks and citations omitted).  The Woods believe that there is little prejudice here because no discovery is necessary to resolve the motion to remand, and if the case is remanded, there will be no discovery in the United States District Court for the District of Maryland.  ECF No. 11 at 14.  However, the issue is the defendants' need to monitor and defend cases in multiple jurisdictions, on different schedules, when the cases may be consolidated to avoid that burden.  *See Yearwood*, 2012 WL

---

[8] The Woods contend that they will be prejudiced by the stay because they filed the action in state court "to have their claims resolved quickly in a local forum"; and transferring it to the MDL will "move Plaintiffs' case away from Maryland to an unfamiliar forum for resolution on a timetable driven not by these Maryland Plaintiffs and their counsel but by large committees of such groups with the inevitable delay attendant to litigation by committee."  ECF No. 11 at 13.  This relates to the merits of the motions to remand and transfer, not to the decision whether to stay the action.

2520865, *3.  Thus, the details of the motion currently pending are not determinative.

Because all three factors favor staying the case, the Court will grant the defendants' motion.

III. Conclusion

For the reasons stated above, the defendants' motion to stay will be granted.


_____8/2/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

9